# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARCUS D. WOODSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **No. CIV 18-018-RAW-KEW** |
| | ) | |
| **JOE M. ALLBAUGH, DOC Director,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss (Dkt. 7)
Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1).
Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections
(DOC) who is incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma.

Petitioner complains he has been convicted in prison disciplinary proceedings without
due process, his demotion to a lower earned credit level has lengthened his time of
incarceration, and he is placed at a higher security level than is justified. He asks for
restoration of his higher earned credit level, expungement of a number of his prison
disciplinary convictions, and monthly assessments of his custody status. The petition sets
forth the following grounds for relief:

> I. On July 27, 2017, Case Manager Sean Morgan demoted Petitioner to earned
> credit Level 1 from Level 2 without justification, based on an allegation of
> misbehavior by another staff member. Petitioner was not provided notice of
> the charges, and he was not allowed to appear at his hearing.
>
> II. DCF and CCF prison officials convicted Petitioner of severe misconducts

without any evidence, dating back to September 1, 2016, thereby extending Petitioner's length of confinement. Petitioner was specifically charged with blocking a locking device on November 21, 2016, and he was convicted of a misconduct without any evidence. All misconducts written since August 1, 2015, were without any evidence, in violation of due process rights.

III. Petitioner was denied due process when he was deprived of credit-earning class on September 1, 2016, and September 2, 2016, based on allegations of misconduct. Prison officials failed to provide Petitioner adequate notice and an opportunity to be heard at the hearing. In addition, prison officials failed to comply with the classification procedures, and Petitioner's placement in maximum security is illegal.

IV. Petitioner is unconstitutionally deprived of a liberty interest by his placement at a higher security level than justified, when his assessed custody level places him at minimum security. He is not afforded periodic reviews for lower security, depriving him of his ability to be considered for parole and required programs that would shorten his length of incarceration.

Respondent has moved for dismissal of the petition, alleging Petitioner has failed to exhaust his state remedies. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)). "This requirement extends to the exhaustion of *administrative* remedies as well." *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006) (emphasis in original). *See*, *e.g.*, *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004); *Clonce v. Presley*, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner "must exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus").

Petitioner is challenging his earned credit class level. Pursuant to Okla. Stat. tit. 57, § 138(D), a prisoner is assigned to a class level based upon various factors, including good hygiene, cooperative behavior toward staff and other inmates, participation in work or education programs, and disciplinary record. Respondent has submitted an affidavit by Mark Knutson, Manager of the DOC Administrative Review Authority (ARA), stating Petitioner has not exhausted his administrative remedies regarding the demotion of his earned credit level (Dkt. 7-4).

Petitioner admits in his petition that he has not exhausted his state remedies, because he believes such efforts would be futile. He asserts that "Oklahoma prisoners do not have adequate remedy under Oklahoma Law to Challenge Due Process violations that extend and affect Petitioner's Duration of Confinement" (Dkt. 1 at 4). Pursuant to 28 U.S.C. § 2254(b)(1)(B), if a petitioner cannot prove he has exhausted his available remedies, he must show "there is an absence of available State corrective process[,] or circumstances exist that render such process ineffective . . . ."

> Exhaustion of administrative remedies is not required when it would be futile. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005). The futility exception, however, is quite narrow. We generally apply the exception when there has been an adverse decision disposing of the precise issue raised by the petitioner. *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991). [Petitioner] has not cited to any such adverse decision.

*Bun v. Wiley*, 351 F. App'x 267, 268, 2009 WL 3437831, at *2 (10th Cir. Oct. 27, 2009). Here, the Court finds Petitioner's unsupported and conclusory assertion of futility does not warrant an exception to the exhaustion requirement.

Pursuant to Okla. Stat. tit. 57, § 138(F), "[a]ny inmate who feels aggrieved by a decision made by an adjustment review committee may utilize normal grievance procedures in effect with the Department of Corrections and in effect at the facility in which the inmate is incarcerated." The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Inmate/Offender Grievance Process," effective October 18, 2017 (Dkt. 7-3). An inmate first must attempt to resolve his complaint informally by talking with the affected staff, supervising employee, or other appropriate staff within three (3) days of the incident. If unsuccessful, he may submit a Request to Staff (RTS) within seven (7) calendar days of the incident. If the complaint still is not resolved, he then may file a grievance on the "Inmate/Offender Grievance Form," DOC 090124A, within 15 days from the date of receipt of the response to the RTS. If the grievance does not resolve the issue, the inmate may appeal to the ARA within 15 calendar days of receipt of the reviewing authority's decision or any amended decisions. The administrative process is exhausted only after all of these steps have been taken.

With respect to Petitioner's security level and his desire to have certain unspecified prison misconducts within a given date range reversed and expunged, he also has failed to exhaust the remedies for these claims. Therefore, the Court finds this petition must be dismissed for failure to exhaust state remedies.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has

not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 7) is GRANTED, this action is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this  24  day of September 2018.


Ronald A. White
United States District Judge
Eastern District of Oklahoma